UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MIGUEL FLORES FLORES; ANDER MORA ACEVEDO; and JORGE LUIS PEREZ SACRAMENTO,<br><br>Petitioners,<br><br>v.<br><br>KRISTI NOEM, Secretary, U.S. Dept. of Homeland Security; PAMELA BONDI, U.S. Attorney General; TODD LYONS, Acting Director, Immigration and Customs Enforcement; SERGIO ALBARRAN, Acting Director, ICE San Francisco Field Office, Enforcement and Removal Operations; CHRISTOPHER CHESTNUT, Warden, California City ICE Corrections Center; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Respondents. | No.  1:26-cv-01658-KES-SKO (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING RESPONDENTS' MOTION TO DISMISS AND SEVER<br><br>Docs. 1, 7 |

Petitioners Luis Miguel Flores Flores, Ander Mora Acevedo, and Jorge Luis Perez Sacramento are immigration detainees proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issue raised by claim one of the petition and found that the Due Process Clause requires a pre-deprivation bond hearing when a noncitizen has previously been released pursuant to 8 U.S.C.

1

1  § 1226(a) and is subsequently re-detained on the grounds that they are subject to mandatory
2  detention under 8 U.S.C. § 1225(b)(2)(A).  *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-
3  01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No.
4  1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v.
5  Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

6        On February 6, 2026, respondents filed a motion that asks the Court to dismiss or sever
7  this case for improper joinder and to require each petitioner to file a separate petition.  Doc. 7
8  at 1.  Federal Rule of Civil Procedure 20(a) permits parties to join together in one action as
9  plaintiffs if they "meet two specific requirements: (1) the right to relief asserted by each plaintiff
10  must arise out of or relate to the same transaction or occurrence, or series of transactions or
11  occurrences; and (2) a question of law or fact common to all parties must arise in the action."
12  *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).  "The 'same transaction' requirement of
13  Rule 20 refers to 'similarity in the factual background of a claim; claims that arise out of a
14  systematic pattern of events' and have a 'very definite logical relationship.'"  *Hubbard v.
15  Hougland*, No. CIV S-09-0939 JAM GGH P, 2010 WL 1416691, at *7 (E.D. Cal. Apr. 5, 2010)
16  (quoting *Bautista v. Los Angeles County*, 216 F.3d 837, 842–843 (9th Cir. 2000)).

17        Petitioners meet these requirements.  All three reported for scheduled check-ins at an ICE
18  office in California and were re-detained, purportedly pursuant to 8 U.S.C. § 1225(b)(2)(A), even
19  though all three had previously been released on their own recognizance pursuant to 8 U.S.C.
20  § 1226(a).  *See* Doc. 1 at ¶ 2; Doc. 1-2, Exs. B, F, O.  Petitioners' claims also concern a common
21  question of law: whether the Due Process Clause requires a bond hearing before they may be re-
22  detained.  *See* Doc. 1 at ¶¶ 52–57.  While respondents argue that petitioners are not related, are
23  citizens of different countries, were not arrested on the same day, and are in different stages of
24  their immigration proceedings, they concede that—with respect to all three petitioners—
25  "[r]espondents do not have legal arguments to distinguish this case from prior orders issued by
26  the Court," and there are no "*material* factual differences between this case and those identified

27
28

by the Court."[1]  Doc. 9 at 2–3 (emphasis added).  Joinder is warranted given that respondents have not identified any relevant distinguishing fact or legal issue between the three petitioners' claims, and their re-detentions are part of a systematic pattern of conduct by respondents based on the government's novel reinterpretation of § 1225(b)(2)(A).  *See, e.g.*, *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185, at *9 (E.D. Cal. Sept. 5, 2025) ("[T]he Court agrees with Petitioners that the allegations in this habeas case involve a 'systemic pattern of events' that is common to all Petitioners.").[2]

Respondents argue that the Court should nevertheless dismiss or sever this case and require petitioners to separately file new petitions because of the high volume of habeas cases in this district challenging detention under the government's new policy—essentially, because it would be easier for respondents as an accounting matter to have separate case numbers for each petitioner.  Doc. 7.  That is not a sufficient basis to dismiss the petition and require separate re-filing.  This Order clearly lists each petitioner's name in the caption.  Page one of the petition clearly states respondents' A-numbers and paragraph one of the petition clearly states that they are all detained at California City ICE Detention Center.  *See* Doc. 1 at 1–2.  Agency officials can readily determine from the face of this order that it applies to all three petitioners: LUIS MIGUEL

---

[1] The Court notes that all three petitioners are still in active removal proceedings and still subject to 8 U.S.C. § 1226(a).  Respondents note that petitioner Flores Flores was ordered removed by an immigration judge, but as they acknowledge, this "is not a final order yet as his time to appeal it has not yet expired."  Doc. 9 at 6 n.2.  Respondents' statutory authority to detain petitioners does not shift from 8 U.S.C. § 1226(a) to 8 U.S.C. § 1231 until they receive an "administratively final" removal order or, "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order."  8 U.S.C. § 1231(a)(2)(A)(i), (ii).

[2] Numerous courts in this circuit have adjudicated habeas petitions with multiple immigration detainee petitioners.  *See, e.g., Diaz, et al. v. Noem*, No. 1:26-cv-00066-JLT-CDB (HC), 2026 WL 323257 (E.D. Cal. Feb. 6, 2026), *report and recommendation adopted*, No. 1:26-cv-00066 JLT CDB (HC), 2026 WL 487496 (E.D. Cal. Feb. 20, 2026); *Bernal, et al. v. Chestnut*, No. 1:25-cv-01887 JLT HBK (HC), 2026 WL 392113 (E.D. Cal. Feb. 12, 2026); *Khatir, et al. v. Chestnut*, No. 1:26-cv-00094-TLN-SCR, 2026 WL 206084 (E.D. Cal. Jan. 27, 2026), *report and recommendation adopted*, No. 1:26-cv-00094-TLN-SCR, 2026 WL 270170 (E.D. Cal. Feb. 2, 2026); *Espinoza, et al. v. Kaiser*, No. 1:25-cv-1101-JLT-SKO, 2025 WL 2675785 (E.D. Cal. Sept. 18, 2025); *Arrioja Blanco, et al. Hermosillo*, No. C26-493-MLP, 2026 WL 548056 (W.D. Wash. Feb. 27, 2026); *Sanchez, et al. v. Noem,* No. 26-cv-559 JLS (MMP), 2026 WL 446242 (S.D. Cal. Feb. 17, 2026); *Huan v. Noem*, No. 26cvV-512 JLS (DEB), 2026 WL 412609 (S.D. Cal. Feb. 13, 2026).

FLORES FLORES, ANDER MORA ACEVEDO, and JORGE LUIS PEREZ SACRAMENTO. And given the extremely high volume of immigration habeas cases in this district and the common issues raised in hundreds of cases, judicial economy weighs heavily in favor of permitting similarly situated petitioners to join in a single action when respondents do not point to any relevant factual or legal distinctions between the petitioners' claims. Respondents' motion to sever is therefore denied.

On February 27, 2026, the Court informed the parties that it intended to rule directly on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in *Elmer Joel M. C. v. Wofford*, *Clene C.D. v. Robbins*, and *W.V.S.M. v. Wofford*, and that would justify denying the petition. Doc. 4. Respondents state that they "do not have legal arguments to distinguish this case from prior orders issued by the Court, nor do [they] find material factual differences between this case and those identified by the Court." Doc. 9 at 3.[3] While respondents oppose the petition, they do

///
///
///
///
///

---

[3] Respondents state that they oppose the motion for temporary restraining order as untimely, citing cases where courts have found that a delay in seeking injunctive relief implies a lack of irreparable harm. *See* Doc. 9 at 2–3 (citing *Oakland Trib., Inc. v. Chron. Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985)). As an initial matter, the irreparable harm factor of *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), is not relevant here because the Court is ruling directly on the petition, as expressly permitted by Federal Rule of Civil Procedure 65(a)(2). But even if the Court were to address the irreparable harm requirement, the Court would find that each petitioner *is* being irreparably harmed by his ongoing unlawful detention. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 247, 272 (1976)). And it is not difficult to imagine why it might reasonably take an immigration detainee—who may not speak any English or have any familiarity with this nation's legal system—several months or more to file a petition for writ of habeas corpus, when he is arrested without notice and without justification and transported to a remote detention center.

not raise any new arguments.[4] *See id.* at 1–3.[5]

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), and *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), the petition for writ of habeas corpus is GRANTED as to claim one, for the reasons addressed in those prior orders.

Respondents are ORDERED to release petitioners **LUIS MIGUEL FLORES FLORES, ANDER MORA ACEVEDO, and JORGE LUIS PEREZ SACRAMENTO** immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioners unless respondents demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioners are a flight risk or danger to the community such that their physical custody is legally justified.

///

---

[4] Two courts of appeal have addressed whether 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens who have resided in the United States without having been admitted. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (concluding that government was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)(A)); *Buenrostro-Mendez v. Bondi*, --- F.4th ---, Nos. 25-20496, 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026) (finding petitioners were subject to mandatory detention under § 1225(b)(2)(A)). Respondents cite to the *Buenrostro-Mendez* decision. Doc. 9 at 3. The Court finds the analysis in *Castañon-Nava* and in the dissent in *Buenrostro-Mendez* to be more persuasive on the statutory interpretation issue. In any event, the *Buenrostro-Mendez* decision did not address the due process claim at issue in the present case.

[5] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which concerns whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection and who were not apprehended by immigration authorities before their detention in 2025, or *Benavides Carballo v. Andrews*, No. 25-6533 (9th Cir.), which concerns an as-applied constitutional challenge to detention under § 1226(c). *See* Doc. 9 at 4–5. But petitioners are not subject to § 1226(c) and immigration officials previously released them after implicitly determining that they did not pose a flight risk or a danger; the issue is whether the Due Process Clause requires a pre-deprivation hearing prior to their re-detention. Given the different circumstances in this case, and the nature of the relief petitioners seek, the Court declines to hold this case in abeyance.

1 | The Clerk of Court is directed to close this case and enter judgment for petitioners.

3 | IT IS SO ORDERED.

4 | Dated: <u>March 4, 2026</u>

UNITED STATES DISTRICT JUDGE